**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**AT KANSAS CITY**

| | |
|---|---|
| Hector Martinez-Canto ) | |
| ) | |
| and ) | |
| ) | Case No. |
| Crisantos Santos ) | |
| ) | |
| On Behalf of Themselves and ) | |
| All Others Similarly Situated, ) | |
| ) | |
| Plaintiffs; ) | |
| ) | |
| vs. ) | |
| ) | |
| Silverleaf Lawn & Landscaping, Inc. ) | **Jury Demanded** |
| [Registered Agent: ) | |
| Joel I. Krieger ) | |
| Wallace, Saunders, Austin, Brown ) | |
| & Enochs ) | |
| 10111 West 87th Street ) | |
| Overland Park, KS 66212] ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**
**Collective and Class Action Claims**

**COME NOW** the Plaintiffs, Hector Martinez-Canto and Crisantos Santos, on behalf of themselves and all others similarly situated, by and through counsel, and hereby set forth their collective action under § 216(b) of the Fair Labor Standards Act ("FLSA") for violations of the FLSA, and their class action under Fed. R. Civ. P. 23 for violations of the Kansas Wage Payment Act ("KWPA"), and in the alternative, for *quantum meruit*, and state as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action against Defendant Silverleaf Lawn & Landscaping, Inc. ("Defendant" or "Silverleaf") for unpaid wages, and related penalties and damages.

2. Defendant's practices and policies have resulted in Defendant willfully failing to properly pay straight time and overtime due owing to Plaintiffs and all other similarly situated employees in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* In addition, Plaintiffs bring this action as class representatives of Defendant's hourly landscaping employees for Defendant's failure to pay wages due to Plaintiffs and members of the class in violation of the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-312 *et seq*. In the alternative to the KWPA claims, Plaintiffs bring this action as class representatives of Defendant's hourly landscaping employees under the equitable doctrine of *quantum meruit* for Defendant's failure to compensate Plaintiffs and members of the class for their time and services spent for the benefit of the Defendant.

3. Defendant operates a landscaping business located in Overland Park, Kansas.

4. At any given time during the past three years, Defendant has employed approximately 20 hourly employees to perform landscaping work for customers of Defendant. Due to employee turnover, during the past three years, Defendant has employed more than 40 hourly employees to perform landscaping work for customers of Defendant.

5. Plaintiffs and other hourly landscaping employees of Defendant have worked more than 40 hours during relevant work weeks for which Defendant paid them at their "straight time" hourly rate, rather than at the applicable overtime rate of one and one-half times their hourly straight time rate.

6. Also, Plaintiffs and other hourly landscaping employees of Defendant have regularly spent time during work shifts for Defendant's benefit performing approximately 15 to 30 minutes of landscaping work during their unpaid meal breaks without being compensated for such time. Such policies and practices of Defendant have resulted in Defendant's

failure to pay its hourly landscaping employees for all of their time worked and for overtime wages due.

7. Defendant's policies and practices, as described herein, are similarly applied to all of Defendant's hourly landscaping employees.

8. Defendant has failed to pay wages and overtime pay to its hourly landscaping employees by paying them at their regular rate for work in excess of 40 hours during work weeks and by failing to pay them for all of their compensable time in violation of the FLSA and the KWPA. Plaintiffs seek compensation for unpaid straight time and/or overtime premiums for hours worked, required, suffered, or permitted by Defendant; compensation for such wages wrongfully withheld; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action. In the alternative to the KWPA claim, Plaintiffs seek just compensation for their time and services under the doctrine of *quantum meruit*.

### PARTIES

9. Defendant is a corporation doing business in the State of Kansas with a landscaping business in Overland Park, Johnson County, Kansas.

10. Plaintiff Hector Martinez-Canto resides in Olathe, Kansas.

11. From November of 2015 to March of 2017, Plaintiff Martinez-Canto was employed as an hourly landscaping employee of the Defendant. Plaintiff Martinez-Canto and all others similarly situated, for the purposes of this collective and class action, also have performed work as hourly landscaping employees of Defendant.

12. Plaintiff Crisantos Santos resides in Lenexa, Kansas.

13. From 2011 to June of 2016, Plaintiff Santos was employed as an hourly landscaping employee of the Defendant. Plaintiff Posadas and all others similarly situated, for the

purposes of this collective and class action, also have performed work as hourly landscaping employees of Defendant.

## JURISDICTION AND VENUE

14. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

15. The United States District Court for the District of Kansas has personal jurisdiction because Defendant conducts business in Johnson County, Kansas, located within this District.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant has offices, conducts business and can be found in the District of Kansas, and the causes of action set forth herein have arisen and occurred in substantial part in the District of Kansas.

17. The claims for violations of the KWPA are based upon the statutory law of the State of Kansas. The equitable claims of *quantum meruit* are based upon Kansas law of equity. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for these pendant state claims because they arose out of the same nucleus of operative facts as the FLSA claims. Addressing all such claims in this judicial proceeding will provide judicial economy, fairness and convenience for the parties. The liability evidence establishing all of causes of action will be similar and none will predominant nor create unmanageable confusion to a jury.

18. The claims for violations of the KWPA are based on "wages due" from the Defendant to the Plaintiffs. Among the bases of such wages being due are the substantive requirements of the FLSA. Thus, in addition to supplemental jurisdiction over the state

law claims, pursuant to 28 U.S.C. § 1331 this court has original subject matter jurisdiction over the federal FLSA questions involved in the KWPA claims.

## COUNT I
## FLSA Claims

19. Plaintiffs hereby incorporate the allegations set forth above.

20. While employed by Defendant, Plaintiff Martinez-Canto performed work as an hourly landscaping employee of Defendant.

21. While employed by Defendant, Plaintiff Santos performed work as an hourly landscaping employee of Defendant.

22. During the Plaintiffs' employment with the Defendant, the Defendant employed numerous other individuals who had similar job duties as landscaping employees with a similar compensation structure as the Plaintiffs (the putative collective and class action plaintiffs).

23. Plaintiffs bring their FLSA claims as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendant as hourly landscaping employees within three years from the commencement of this action who have been paid straight time for weekly hours of work in excess of forty, and who have not been compensated for all straight time and overtime premiums for all hours for which they suffered or were permitted to work.

24. Plaintiffs bring their FLSA claims as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated putative plaintiffs of the collective action.

25. Plaintiffs and the putative plaintiffs are similarly situated in that they have been subjected to Defendant's common practices or policies of failing to pay overtime for weekly hours

in excess of forty and for failing to pay straight time and overtime for all hours worked in violation of the FLSA.

26. The names and addresses of the putative plaintiffs are available from the Defendant. To the extent required by law, Plaintiffs will seek notice to be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in collective FLSA actions.

27. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars) annually.

28. The FLSA requires each covered employer to compensate all employees for all hours suffered or permitted to work and to pay overtime premiums at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

29. At all relevant times, Defendant has had a policy and practice of paying hourly landscaping employees at their regular hourly rate for hours in excess of forty during work weeks.

30. By paying landscaping employees at their regular rate for hours in excess of forty during workweeks, Defendant has failed to pay landscaping employees overtime wages due under the FLSA.

31. At all relevant times, Defendant also has had a policy and practice of deduction one hour from the compensable work time for a meal break for each work shift of each landscaping employee. Those landscaping employees, however, regularly suffered or were permitted to work by Defendant for between 15 and 30 minutes during those unpaid meal breaks.

32. Defendant's meal break policies and practices have resulted in a substantial difference between the amount of time for which Defendant's landscaping employees were compensated and the amount of their compensable time as required by law, resulting in Defendant's failure to pay hourly landscaping employees for all compensable time, including the failure to pay overtime as required by the FLSA.

33. More generally, the Defendant has failed to compensate Plaintiffs and all other similarly situated employees for overtime hours recorded at the relevant overtime rate and failed to compensate landscaping employees for all hours worked, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*

34. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. Plaintiffs, on behalf of themselves and all similarly situated employees of Defendant, seek damages in the amount of all respective unpaid straight time with overtime compensation at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

36. Plaintiffs, on behalf of themselves and all similarly situated employees of Defendant, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed members of the FLSA representative action, pray for relief as follows:

    a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice

pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. § 216(b);

b. Designation of Plaintiffs Hector Martinez-Canto and Crisantos Santos as Representative Plaintiffs of the putative members of the FLSA collective action;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

d. An award of damages for straight time and overtime compensation due for the Plaintiffs and the putative members of the collective actions, including liquidated damages, to be paid by Defendant;

e. Costs and expenses of this action incurred herein, including reasonable attorneys fees and expert fees;

f. Pre-Judgment and Post-Judgment interest, as provided by law; and

g. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II
### KWPA Claims

37. Plaintiffs hereby incorporate the allegations set forth above.

38. The Plaintiffs bring their claims for Defendant's violations of the KWPA as a class action pursuant to Fed. Rule Civ. P. 23 on behalf of themselves and as representatives of the following class:

> All current and former hourly landscaping employees who performed work for the Defendant during the past three years.

39. At all relevant times, Defendant has been an "employer" within the meaning of the KWPA, K.S.A. § 44-313(a).

40. At all relevant times, Defendant has employed, and continues to employ, "employees," within the meaning of the KWPA § 44-313(b), including the Plaintiffs and all others similarly situated.

41. The Plaintiffs, on behalf of themselves and all others similarly situated, bring a claim for Defendant's violation of the KWPA, K.S.A. § 44-312 *et seq*.

42. At all relevant times, Defendant has had a policy and practice of failing to pay its hourly landscaping employees all "wages due" in violation of the KWPA, K.S.A. § 44-314.

43. For purposes of the KWPA, such wages were due pursuant to the respective agreements between Defendant and its hourly landscaping employees to pay each of them an hourly wage for their work. Such wages due also include overtime wages due pursuant to the FLSA and its implementing regulations by the United States Department of Labor.

44. Such failure to pay Plaintiffs, and all others similarly situated, their wages due has constituted a willful violation of the KWPA, K.S.A. 44-314(b), because such failure to pay wages due benefited Defendant and caused a direct detriment to the Plaintiffs, and all others similarly situated.

45. Class certification for claims asserted pursuant to the KWPA is appropriate pursuant to Fed. R. Civ. P. 23(a) in that:

    a. The members of the class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiffs at the present time but is believed to be approximately 40;

    b. There are questions of law and fact arising in this action which are common to Plaintiffs and members of the class, including: (i) Whether Defendant's pay

policies and practices for its hourly landscaping employees violate their compensation rights under KWPA, K.S.A. § 44-313 *et seq.*; (ii) Whether Defendant has violated the KWPA due to Defendant's failure to pay wages due to its hourly landscaping employees pursuant to the statutory and regulatory requirements of the FLSA; (iii) Whether Defendant has violated the KWPA due to Defendant's failure to pay wages due to its hourly landscaping employees pursuant to Defendant's agreement to pay each such employee a specified hourly rate for work performed; (iv) Whether Plaintiffs and other members of the class have suffered damages as a result of Defendant's violations of the KWPA;

c. The Plaintiffs' claims are typical of the claims of the members of the class. The Plaintiffs were paid under the same policy and procedure as all members of the class. The Plaintiffs and all members of the class sustained damages in the same way, arising out of the same wrongful conduct engaged in by Defendant; and

d. The Plaintiffs will fairly and adequately protect the interests of the members of the class. Plaintiffs have retained legal counsel who are competent and experienced in class action and complex litigation involving compensation claims. The Plaintiffs have no interests which are adverse to or in conflict with other members of the class.

46. Class certification of this claim is appropriate under Fed. R. Civ. P. 23(b)(3) because a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

a. There is minimal interest of members of this class in individually controlling the prosecution of claims in that all claims will be similar in nature under the Court's analysis of the Defendant's pay plan and its compliance with this law;

b. There is no known prior litigation being prosecuted against the Defendant by this class of employees for the claims involved;

c. It is desirable to concentrate all the litigation of these claims in this form within this Court since all class members work or worked in the Kansas City area and all class members will have the same or similar claims; and

d. There are no unusual difficulties likely to be encountered in the management of this case as a class action and Plaintiffs and their counsel are not aware of any reason why this case should not proceed as a class action on the claims against Defendant. Class members can be easily identified from Defendant's business records, enabling class members to have their claims fairly adjudicated by the court or enabling them to opt-out of this class.

47. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which Plaintiffs can effectively litigate against a large, well-represented corporate entity such as Defendant. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced

to take duplicative evidence and decide the same issues relating to Defendant's conduct over and over again.

**WHEREFORE**, the Plaintiffs, on behalf of themselves and all proposed class members, prays for relief as follows:

a. Declaring and certifying this action as a proper class action under Fed. R. Civ. P. 23 for the claim that Defendant violated the KWPA and naming the Plaintiffs, Hector Martinez-Canto and Crisantos Santos as proper class representatives;

b. Declaring and determining that Defendant has violated the KWPA by failing to properly pay wages due to the Plaintiffs and other members of the class;

c. Entering judgment in favor of Plaintiffs and the class and against Defendant for amounts respectively due Plaintiffs and other employees of Defendant similarly situated for unpaid wages;

d. Awarding Plaintiffs and the members of the class the statutory penalty under K.S.A. § 44-315(b) for Defendant's failure to pay them wages due;

e. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

f. Pre-Judgment and Post-Judgment interest, as provided by law; and

g. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

### COUNT III
### *Quantum Meruit*

48. Plaintiffs hereby incorporate the allegations set forth above.

49. In the alternative to Count II above, Plaintiffs hereby assert a claim for *quantum meruit* on behalf of themselves and as representatives of the following class:

All current and former landscaping employees who performed work for the Defendant during the past three years.

50. Plaintiffs and members of the proposed class conferred a benefit upon Defendant by performing work and spending time for Defendant's benefit during unpaid meal breaks without receiving just compensation in return.

51. Defendant was aware of the benefit Plaintiffs and members of the proposed class were conferring on Defendant by performing work and spending time for Defendant's benefit during meal breaks without receiving just compensation in return.

52. Defendant accepted and retained the benefit of Plaintiffs and members of the proposed class performing work and spending time for Defendant's benefit without receiving just compensation in return so that it is inequitable for Defendant to retain such benefit without payment of the value thereof.

53. There are questions of law and fact arising in this action which are common to Plaintiff and members of the class including:

    a. Whether Plaintiffs and other members of the class are equitably entitled, under the doctrine of *quantum meruit*, to remuneration for their uncompensated time spent performing tasks for the benefit of Defendant; and

    b. Whether Defendant has been unjustly enriched by failing and refusing to compensate Plaintiffs and other members of the class for time they spent performing tasks for the benefit of Defendant.

**WHEREFORE**, the Plaintiffs, on behalf of themselves and all proposed class members, pray for relief as follows:

   a. Declaring and certifying this action as a proper class action under Fed. R. Civ. P. 23 for Plaintiffs' *quantum meruit* claims against Defendant and naming the

Plaintiffs, Hector Martinez-Canto and Crisantos Santos, as proper class representatives;

b. Declaring and determining that Defendant has unjustly retained the benefit of uncompensated services and time of the Plaintiffs and the members of the class;

c. Entering judgment against Defendant and in favor of Plaintiffs and the class for the *quantum meruit* of their uncompensated services and time;

d. Costs and expenses of this action incurred herein, including expert fees;

e. Pre-Judgment and Post-Judgment interest, as provided by law; and

f. Any and all such other and further equitable relief as this Court deems necessary, just and proper.

**Demand for Jury Trial**

Plaintiffs hereby demand a jury trial on all claims and issues triable by jury.

**Designated Place of Trial**

Plaintiffs hereby designate Kansas City, Kansas as the place of trial.

Respectfully submitted,

**BRADY & ASSOCIATES**

By: *s/ Mark A. Kistler*
Mark A. Kistler, KS # 17171
10985 Cody Street, Ste. 135
Overland Park, KS 66210
Tel: (913) 696-0925
Fax: (913) 696-0468
mkistler@mbradylaw.com

And

       **MOSE LAW LLC**

By: *s/ Paul H. Mose*
   Paul ("Pablo") Mose, KS #27532
   3111 Strong Avenue
   Kansas City, KS  66106
   (913) 432-4484
   (913) 432-4464
   Pablo@moselaw.com

   **ATTORNEYS FOR PLAINTIFFS**